IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **JON TSU-JM DOE** § <br> Plaintiff § <br> § <br> vs. § <br> § C.A. No. _____ <br> **TARLETON STATE UNIVERSITY** § <br> Defendant § <br> § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff "**JON TSU-JM DOE**" to file his "Plaintiff's Original Complaint" as follows:

### PREAMBLE

### *TSU STUDENT DISCRIMINATED AGAINST AND TOSSED ASIDE*

*Plaintiff was a student at Tarleton State University seeking a Master of Science degree in Clinical Mental Health Counseling. Most regrettably, for no reason other than discrimination because of certain disabilities held by Jon, as well as Jon's gender and other violations of Plaintiff's civil rights by Defendant, Plaintiff was improperly expelled from school but a whiff away from graduation.*

## A. <u>NATURE OF THE SUIT</u>

1. Plaintiff Jon (defined hereafter) is a male. Jon has certain Disabilities (defined hereafter) which were registered with Defendant TSU (defined hereafter) and Accommodations (defined hereafter) were agreed to by Defendant TSU.

2. Unfortunately, Defendant TSU not only ignored Plaintiff Jon's Disabilities and Accommodations, but discriminated and expelled Jon because of Jon's Disabilities, as well as because of Jon's gender.

3. Plaintiff Jon has attempted to resolve (formally and informally) the issues set forth herein, but has been unsuccessful. Jon has been left with no choice to file this Complaint for damages and equitable relief.

4. Plaintiff Jon now files this original action for damages and equitable relief pursuant to:

    (a) Section 504 of the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978, 29 U.S.C. § 794;

    (b) Title II of the Americans with Disabilities Act, 42 U.S.C.A. §§ 12131–50 (2011);

    (c) Title IX of the Education Amendments of 1972), 20 U.S.C. § 1681 et. seq.;

 (d) 42 U.S.C. § 1983 with regards to:

  (i) Defendant's violations of the laws of the United States; and

  (ii) Defendant's denial (under the color of law) of Plaintiff Jon's equal protection, procedural due process violations, and substantive due process rights granted by the Fourteenth Amendment to the U.S. Constitution;

  (iii) Defendant's denial (under the color of law) of Plaintiff Jon's freedom of expression and assembly rights granted by the First Amendment to the U.S. Constitution;

 (e) Defendant's actions in violations of provisions of the Texas Constitution; and

 (f) Defendant TSU's breach of the Educational Contract (defined hereafter).

## B. PARTIES

5. Plaintiff "**JON TSU-JM DOE**" ("Jon") is an individual residing in the State of Texas. Because of the privacy issues involved in this matter and the real and eminent threat of further retaliation by Defendant, Jon is hereby exercising Jon's rights to proceed with this matter anonymously.

6. The need to protect the identity of Plaintiff Jon does not hinder the defense of this matter by Defendant, for the facts are well known to the Defendant. When applying the applicable tests (created by jurisprudence applicable to this Court)

to balance the needed protection of privacy versus any inconvenience to the Defendant, the protection of Jon's privacy prevails.

7.  At such time as the Court might agree on procedures designed (a) to protect the privacy of Plaintiff Jon, and (b) to protect Plaintiff Jon from further retaliation, Jon's identity shall be disclosed.

8.  Defendant **TARLETON STATE UNIVERSITY** ("TSU") is a public university operating in the State of Texas and may be served with citation by serving Defendant TSU's President as follows:

> **Tarleton State University**
> **Attn: F. Dominic Dottavio**
> **Office of the President**
> **1333 W. Washington**
> **Stephenville, Texas 76402**

## B. JURISDICTION and VENUE

9.  The original jurisdiction of this Court is in accordance with 28 U. S. C. § 1331 as involving a *federal question* proceeding arising under:

(a) Section 504 of the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978, 29 U.S.C. § 794 ("Section 504");

(b) Title II of the Americans with Disabilities Act (ADA), 42 U.S.C.A. §§ 12131–50 (2011) ("ADA");

(c) 20 U.S.C. § 1681 et. seq. (Title IX of the Education Amendments of 1972) ("Title IX"); and

    (d)    Section 1983 of Title 42 of U.S.C. ("Section 1983"), as to:

        (i)    Defendant's violations of the laws of the United States; and

        (ii)    Defendant's denial (under the color of law) of Plaintiff Jon's equal protection, procedural due process violations, and substantive due process rights granted by the Fourteenth Amendment to the U.S. Constitution;

        (iii)    Defendant's denial (under the color of law) of Plaintiff Jon's freedom of expression and assembly rights granted by the First Amendment to the U.S. Constitution;

This Court may further exercise supplemental jurisdiction over plaintiffs' claims arising under Texas law pursuant to 28 U.S.C. § 1367.

10. Venue is proper in the Northern District of Texas (Fort Worth Division) because Defendant TSU operates its schools in, and from, Stephenville and Erath County, Texas, which is also where the underlying events occurred. Stephenville and Erath County are within the Northern District of Texas.

## C. <u>FACTUAL ALLEGATIONS</u>

### *Who is Plaintiff Jon?*

11. Plaintiff Jon was a student working on a Master Degree from Defendant TSU.

12. Upon enrollment in Defendant TSU, Plaintiff Jon took the necessary steps to register for accommodations due to Jon's federally recognized disabilities ("Jon's Disabilities") as allowed by Jon's Section 504 rights. As a result, Jon was granted certain "Accommodations."

13. Upon Plaintiff Jon's enrollment with Defendant TSU, various agreements were entered into and policies in place which formed the contractual basis for Jon's studies at Defendant TSU (hereafter, collectively referred to as the "Educational Contract").

14. As shall be further detailed in a subsequent first-amended complaint, Defendant TSU has breached the Educational Contract between Plaintiff Jon and Defendant TSU.

### *Harm to Jon.*

15. For the purposes of this matter and as shall be further detailed in a subsequent first-amended complaint, Defendant TSU's discrimination of Plaintiff Jon because of Jon's Disabilities; Defendant TSU's failure to provide Plaintiff Jon's Accommodations; Defendant TSU's discrimination of Plaintiff Jon because of his male gender, and TSU's breach of the Educational Contract shall be collectively referred to hereafter as the "Civil Rights Violations."

16. Plaintiff Jon has suffered severe physical, emotional, and economic harm as a result of the Civil Rights Violations committed by Defendant TSU and shall suffer future physical, emotional, and economic harm.

17. The Civil Rights Violations committed by Defendant as to Plaintiff Jon were intentional and in bad faith, made with full knowledge that the damage to Plaintiff Jon would follow Jon for the rest of his life, constituting conscious indifference by Defendant TSU.

### *Defendant's Action Under the Color of State Law.*

18. The administrators, participating in Defendant TSU's Civil Rights Violations as to Plaintiff Jon, are the applicable persons delegated with implementing and were implementing the policies and customs of Defendant TSU when committing the Civil Rights Violations of Plaintiff Jon.

19. Further, if such policies are not, in fact written, each of the administrators participating in Defendant TSU's Civil Rights Violations as to Plaintiff Jon were implementing the policies and customs of Defendant TSU in accord with the customs and practices of Defendant TSU.

### *Administrative Remedies.*

20. There are no administrative remedy preconditions ("Preconditions") required prior to seeking relief under the laws being invoked herein by Plaintiff Jon.

Even if such Preconditions did exist, the actions of Defendant have shown that such efforts would be futile or are otherwise moot.

21. As a result of Defendant's Civil Rights Violations targeted at Plaintiff Jon, Plaintiff Jon was forced to engage an attorney and pursue this action to redress such wrongs.

22. All conditions precedent to Plaintiff Jon bringing these claims have been met.

### E. PLAINTIFF'S CAUSES OF ACTION

23. Plaintiff Jon incorporates by reference the facts set forth in Article D: FACTUAL ALLEGATIONS hereof.

### COUNT ONE: SECTION 504 VIOLATIONS

24. As a university owned and operated by the State of Texas that receives grants and other funding from the United States, Defendant TSU falls under the jurisdiction and requirements of Section 504.

25. As mandated by Section 504, Defendant TSU is prohibited from discriminating against students having been diagnosed with various disabilities.

26. Plaintiff Jon's Disabilities qualify as disabilities covered by Section 504, and Defendant TSU's Civil Rights Violations against Jon are direct violations of Section 504.

27. Defendant TSU's Civil Rights Violations against Plaintiff Jon in violation of Section 504 have caused Plaintiff Jon to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jon now sues in accord with Section 504.

28. Defendant TSU's Civil Rights Violations against Plaintiff Jon in violation of Section 504 have caused Plaintiff Jon to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jon now sues in accord with Section 504.

## COUNT TWO: ADA VIOLATIONS

29. As a university owned and operated by the State of Texas that receives grants and other funding from the United States, Defendant TSU falls under the jurisdiction and requirements of the ADA.

30. As mandated by the ADA, Defendant TSU is prohibited from discriminating against students having been diagnosed with various disabilities.

31. Plaintiff Jon's Disabilities qualify as disabilities covered by the ADA, and Defendant TSU's Civil Rights Violations against Jon are direct violations of Section 504.

32. Defendant TSU's Civil Rights Violations against Plaintiff Jon in violation of the ADA have caused Plaintiff Jon to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jon now sues in accord with the ADA.

33. Defendant TSU's Civil Rights Violations against Plaintiff Jon in violation of the ADA have caused Plaintiff Jon to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jon now sues in accord with the ADA.

## COUNT THREE: TITLE IX

34. As a university owned and operated by the State of Texas that receives grants and other funding from the United States, Defendant TSU falls under the jurisdiction and requirements of Title IX.

35. The gender nature of the Civil Rights Violations committed by Defendant TSU towards Plaintiff Jon are so severe, pervasive, and objectively offensive that Plaintiff Jon was deprived access to educational opportunities or benefits provided by Defendant TSU, such denial being in violation of Title IX.

36. Defendant TSU and its officials had actual knowledge of the referenced Title IX violations committed against Plaintiff Jon.

37. Defendant TSU failed to take immediate, effective remedial steps to resolve the referenced Title IX violations committed against Plaintiff Jon.

38. Rather, Defendant TSU acted with deliberate indifference toward Plaintiff Jon.

39. Defendant TSU persisted in its actions and inaction even after Defendant TSU had actual knowledge of the harm being suffered by Plaintiff Jon.

40. Defendant TSU engaged in a pattern and practice of behavior designed to discourage and dissuade other students (who were also threatened with, and subjected to, similar Title IX violations) from seeking protection from, and prosecution of, Title IX violations.

41. Plaintiff Jon has suffered economic, emotional distress, and psychological damage to Jon's character, prestige, standing in Jon's community as well as a loss of benefits and opportunities as a direct and proximate result of Defendant TSU's deliberate indifference to Plaintiff Jon's rights under Title IX.

42. The Civil Rights Violations committed by Defendant TSU towards Plaintiff Jon were intentional discrimination based on Plaintiff Jon's gender, in violation of Title IX.

43. As a result of the foregoing, Plaintiff Jon hereby seeks recovery of all actual and consequential damages available to her in accordance with Title IX.

# COUNT FOUR: SECTION 1983 VIOLATIONS

44. Section 1983 of Title 42 of the United States Code provides, in part,:

> "Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, and citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the part injured in an action at law, suit in equity, or other proper proceeding for redress…"

45. Defendant TSU's Civil Rights Violations were committed against Plaintiff Jon under the color of law and resulted in the violation of Plaintiff Jon's rights under the United States Constitution and other federal laws.

46. Specifically, Defendant TSU's Civil Rights Violations were committed under the color of law and resulted in the violation of Plaintiff Jon's rights under:

    (a)    Section 504;

    (b)    the ADA;

    (c)    Title IX;

    (d)    the procedural due process requirements of the United States Constitution as set forth in the Fourteenth Amendment, in violation of Jon's Property Rights;

    (e)    the substantive due process requirements of the United States Constitution set forth in the Fourteenth Amendment in violation of Jon's Property Rights;

    (f)    the equal protection requirements of the United States Constitution set forth in the Fourteenth Amendment in violation of Jon's Property Rights; and

    (g)    the freedom of speech rights guaranteed by the First Amendment of the Constitution of the United States.

47.    Defendant TSU's Civil Rights Violations of Plaintiff Jon, in violation of Section 1983 have caused Plaintiff Jon to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jon now sues in accord with Section 1983.

48.    Defendant TSU's Civil Rights Violations against Plaintiff Jon in violation of Section 1983 have caused Plaintiff Jon to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jon now sues in accord with Section 1983.

49.    Plaintiff Jon also seeks equitable relief to which Plaintiff Jon is entitled by Section 1983, including but not being limited to:

    (a)    the reinstatement of Jon as a student in good standing with Defendant TSU; and

    (b)    the removal and expungement of all negative actions taken by Defendant TSU against Jon.

## COUNT FIVE: VIOLATIONS OF THE TEXAS CONSTITUTION

50. As a university owned and operated by the State of Texas, Defendant TSU's action are also subject to scrutiny of protections created by the Texas Constitution.

51. Defendant TSU's Civil Rights Violations against Plaintiff Jon were committed under the color of law and resulted in the violation of Plaintiff Jon's' rights under the Constitution of the State of Texas.

52. Specifically, Defendant TSU's Civil Rights Violations committed towards Jon were committed under the color of law and resulted in the violation of Plaintiff Jon's rights under:

(a) the procedural due process requirements of the Texas Constitution found in Article 1, Section 19;

(b) the substantive due process requirements of the Texas Constitution found in Article 1, Section 19;

(c) the equal protection requirements of the Texas Constitution found in Article I, Section 3; and

(d) the freedom of speech provisions of the Texas constitution.

Hereafter, the foregoing shall be collectively referred to as "Violations of the Texas Constitution."

53. Defendant TSU's Violations of the Texas Constitution as to Plaintiff Jon have caused Plaintiff Jon to suffer a loss of benefits and created economic losses.

54. Defendant TSU's Violations of the Texas Constitution as to Plaintiff Jon have caused Plaintiff Jon to suffer mental and emotional distress and damages.

55. Although Plaintiff Jon, as a private party living in the State of Texas, has no standing to seek monetary damages for the Defendant TSU's Violations of the Texas Constitution as to Plaintiff Jon, Plaintiff Jon does seek the equitable relief to which Plaintiff Jon is entitled by Texas jurisprudence, including but not being limited to:

    (a)    the reinstatement of Jon as a student in good standing with Defendant TSU; and

    (b)    the removal and expungement of all negative actions taken by Defendant TSU against Jon.

## COUNT SIX: BREACH OF CONTRACT

56. Defendant's Civil Rights Violations committed against Plaintiff Jon included a breach of the Educational Contract.

57. Plaintiff Jon has suffered economic damage as a direct and proximate result of Defendant TSU's breach of the Educational Contract.

58. As a result of the foregoing, Plaintiff Jon hereby seeks recovery all actual and consequential damages available to Jon arising from such breach.

## COUNT SEVEN: PUNITIVE DAMAGES

59. Defendant TSU's Civil Rights Violations against Plaintiff Jon in violation of Section 504 were intentional and willful, or at a minimum, were committed with a lack of regard for, or with reckless indifference to, Plaintiff Jon's federally protected rights, thereby entitling Plaintiff Jon to punitive damages pursuant to Section 504, for which Plaintiff Jon now seeks in an amount of $ 1,000,000.00.

60. Defendant TSU's Civil Rights Violations against Plaintiff Jon in violation of the ADA were intentional and willful, or at a minimum, were committed with a lack of regard for, or with reckless indifference to, Plaintiff Jon's federally protected rights, thereby entitling Plaintiff Jon to punitive damages pursuant to the ADA, for which Plaintiff Jon now seeks in an amount of $ 1,000,000.00.

61. Defendant TSU's Civil Rights Violations against Plaintiff Jon in violation of Section 1983 were intentional and willful, or at a minimum, were committed with a lack of regard for, or with reckless indifference to, Plaintiff Jon's federally protected rights, thereby entitling Plaintiff Jon to punitive damages pursuant to Section 1983, for which Plaintiff Jon now seeks in an amount of $ 1,000,000.00.

## COUNT EIGHT: POST JUDGMENT INTEREST

62. Plaintiff Jon also requests post judgment interest as may be allowed by applicable law.

## COUNT NINE: ATTORNEYS' FEES

63. Plaintiff Jon should be awarded Jon's reasonable and necessary attorneys' fees incurred in relation to the foregoing as allowed by applicable law.

### F.   REQUEST FOR JURY

64. Plaintiff Jon hereby requests that a jury be empaneled, and, that the foregoing causes of actions and requests for relief be presented to such jury for resolution.

### G.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jon prays that: summons be issued upon Defendant; upon final trial hereof, that judgment be entered in favor of Plaintiff Jon for the actual, consequential, and exemplary damages set forth herein including post judgment interest; that Plaintiff Jon be granted the equitable relief be granted; that Plaintiff Jon be reimbursed his reasonable and necessary attorneys' fees required to bring this matter; all costs of Court be taxed against Defendant; and that Plaintiff Jon have such further and other relief, general and special, both at law or in equity, to which Jon may show himself to be justly entitled.

17
**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.05.19

Respectfully submitted,

Gorman Law Firm, pllc

By: *[signature: Terry P. Gorman]*

Terry P Gorman, Esq.
Texas Bar No. 08218200
tgorman@school-law.co
901 Mopac Expressway South, Suite 300
Austin, Texas 78746
Telephone: (512) 980-4556 (direct)
Telecopier: (512) 597-1455
**ATTORNEYS FOR PLAINTIFF**
**JON TSU-JM DOE**